United States District Court
For the Northern District of California

1

2

3

4

5

6          IN THE UNITED STATES DISTRICT COURT

7

8          FOR THE NORTHERN DISTRICT OF CALIFORNIA

9   WILMA HARGROVE, et al.,                    No. C 13-03114 JSW

10         Plaintiffs,                         **ORDER GRANTING MOTION TO
                                               STAY AND VACATING
11   v.                                        HEARING ON MOTION TO
                                               REMAND PENDING RULING
12   MCKESSON CORPORATION, et al.,             FROM MDL**

13         Defendants.                         **(Docket Nos.  11, 14)**
                                        /

14

15                          **INTRODUCTION**

16         This matter comes before the Court upon consideration of the Motion to Stay All

17   Proceedings Pending Transfer by the Judicial Panel on Multidistrict Litigation to MDL 1871

18   (E.D. Pa.), filed by Defendant Glaxosmithkline LLC ("GSK") (Docket No. 11).  The Court has

19   considered the parties' papers, relevant legal authority, and the record in this case, and it finds

20   the motion suitable for disposition without oral argument.  *See* N.D. Civ. L.R. 7-1(b).  The

21   Court VACATES the hearing scheduled for October 4, 2013, and it GRANTS GSK's motion to

22   stay.  In light of this ruling, the Court VACATES the hearing scheduled for November 1, 2013,

23   on Plaintiffs' motion to remand (Docket No. 14), which the Court shall reschedule, if necessary.

24                          **BACKGROUND**

25         On or about October 16, 2007, the Judicial Panel on Multidistrict Litigation ("JPML")

26   established a multidistrict litigation regarding product liability cases involving the drug

27   Avandia®, *In re Avandia Marketing, Sales Practices, and Products Libility Litigation*, MDL-

28

1   1871 ("*In re Avandia*").  (Docket No. 11-1, Declaration of Steven J. Boranian ("Boranian

2   Decl."), ¶¶ 2-3, Ex. A.)

3          On June 26, 2013, the Plaintiffs filed their Complaint against GSK and McKesson

4   Corporation in the Superior Court of the State of California for the County of San Francisco

5   ("San Francisco Superior Court"), and asserted a number of state law claims based on injuries

6   they allegedly suffered as a result of using Avandia®.  (*See generally* Notice of Removal, Ex. A

7   (Complaint).)  This case is one of many cases filed in San Francisco Superior Court by

8   Plaintiffs' counsel.  (*Id.*, Ex. D.)[1]

9          On July 3, 2013, GSK removed this action - and many, if not all, of the thirty-seven

10   other cases filed by Plaintiffs' counsel - to this Court.  GSK asserts that, because McKesson has

11   been fraudulently joined, the Court has diversity jurisdiction.  (Notice of Removal ¶ 17.)  GSK

12   also contends that this case qualifies as a "mass action" under the Class Action Fairness Act

13   ("CAFA"), pursuant to 28 U.S.C. Section 1332(d)(11).  (*Id.* ¶ 5.)  At the time of removal,

14   Plaintiffs had not served GSK or McKesson.  (*Id.* ¶ 6.)

15          On July 6, 2013, GSK notified the JPML that this action was pending, and it seeks to

16   stay this case pending transfer to *In re Avandia*.  (Boranian Decl., ¶ 5.)  Plaintiffs have opposed

17   GSK's transfer motion before the JPML, oppose a stay in this case, and have filed a separate

18   motion to remand this case to San Francisco Superior Court.

**ANALYSIS**

20          "[T]he power to stay proceedings is incidental to the power inherent in every court to

21   control disposition of the cases on its docket with economy of time and effort for itself, for

22   counsel, and for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  "The exertion of

23   this power calls for the exercise of sound discretion."  *CMAX, Inc. v. Hall*, 300 F.2d 265, 268

24   (9th Cir. 1962).  Accordingly, it is within this Court's discretion to determine whether a stay is

25   warranted.  The competing interests that a district court must weigh in deciding whether to grant

26   a stay include: (1) "possible damage which may result from granting a stay, (2) the hardship or

27

28

The undersigned has at least seven of these cases pending on its docket.

*United States District Court*
For the Northern District of California

United States District Court

For the Northern District of California

1    inequity which a party may suffer in being required to go forward, and (3) the orderly course of

2    justice measured in terms of the simplifying or complicating of issues, proof, and questions of

3    law which could be expected to result from a stay." *Id.* (citing *Landis*, 299 U.S. at 254-55).

4        In the context of a motion to stay pending a motion to consolidate cases before the

5    JPML, district courts should consider the following factors: (1) potential prejudice to the non-

6    moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3)

7    the judicial resources that would be saved by avoiding duplicative litigation if the cases are in

8    fact consolidated. *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997).

9        "Generally, jurisdiction is a preliminary matter that should be resolved before all

10   others." *Leeson v. Merck & Co., Inc.*, 2006 WL 3230047, *2 (E.D. Cal. Jan. 27, 2006); *see also*

11   *Villarreal v. Chrysler Corp.,*, 1996 WL 116832, at *1 (N.D. Cal. Mar.12, 1996) ("Judicial

12   economy will best be served by addressing the remand issue [before a party's motion to stay]

13   because a determination on this issue will facilitate litigation in the appropriate forum."). Some

14   courts, however, have held that "the calculus changes somewhat when deference to a MDL

15   court will further 'the uniformity, consistency, and predictability in litigation that underlies the

16   MDL system.'" *Leeson*, 2006 WL 3230047, *2 (quoting *Conroy v. Fresh Del Monte Produce

17   Inc.,* 325 F. Supp. 2d 1049, 1053 (N.D. Cal.2004)).

18       Plaintiffs' motion to remand raises issues that are similar to issues raised in motions to

19   remand in the cases that are assigned to the undersigned Judge as well the cases assigned to

20   other judges in this District. Further, the presiding judge in *In re Avandia* has addressed many

21   of these same issues, including fraudulent joinder, fraudulent misjoinder of plaintiffs, the forum

22   defendant rule, and questions relating to removal by defendants who have not yet been served.

23   *See, e.g., In re Avandia*, 624 F. Supp. 2d 396, 418-20 (E.D. Pa. 2009). Therefore, a stay will

24   promote judicial economy, uniformity and consistency in decision making. Further a short stay

25   will not prejudice Plaintiffs, because they can renew their motion to remand in MDL 1871. If

26   the case is not transferred, this Court will resolve the motion to remand expeditiously. Finally,

27   a brief stay will avoid duplicative litigation. Indeed, this Court has stayed the cases pending on

28   its docket, and at least one other judge within this District also has stayed a case with a pending

3

**United States District Court**

For the Northern District of California

1    motion to remand.  (*See* Docket No. 18-1, Declaration of Steven J. Boranian in Support of GSK

2    Reply, Ex. A.)

3          Accordingly, the Court GRANTS the motion to stay pending a ruling by JPML on

4    whether this case will be transferred to *In re Avandia*, MDL 1871.  The parties shall file a joint

5    notice with the Court within seven (7) days of any such ruling.

6    **IT IS SO ORDERED.**

7    Dated: July 30, 2013

8                                            JEFFREY S. WHITE
                                          UNITED STATES DISTRICT JUDGE

4